[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Arline Metz, commenced this action against five defendants including the movants, defendants Naugatuck Physical Therapy, P.C. and Trumbull P.T. Corporation, P.C.
In Count Three and Count Four the plaintiff alleged that she sustained certain injuries, damages and losses as a result slip and fall caused by the carelessness and negligence of the defendants.
In Count Three and Count Four the plaintiff alleges, inter alia, that CT Page 11692 each of the two aforementioned defendants ". . . was the owner and/or in possession and control of the premises and common areas located at 175 Church Street, Naugatuck, Connecticut." She further alleges that she slipped and fell on an icy sidewalk on the subject premises.
In their answer and special defenses, the said movants admitted that they were in possession of a portion of the subject premises but denied that they were in possession and/or control of the entire property — especially the common areas of the property where the plaintiff allegedly fell.
In order for the plaintiff to prevail against the defendants it is essential that she prove by a fair preponderance of the evidence that the defendants owed a duty to her regarding the maintenance of the sidewalk and that they breached that duty and thereby caused her injuries.
The defendants have moved this court for summary judgment in regard to the plaintiff's claims against them for the reason that at the time of the alleged incident they neither owned nor were in control of the subject premises and, therefore, there are no genuine issues of fact regarding their control and duty to maintain the sidewalk where the plaintiff claims to have fallen.
The plaintiff has offered no objection to the relief sought in the motion and has provided the court with no affidavits or other evidence to refute the allegations of the defendants.
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co.,248 Conn. 195, 201, 727 A.2d 700 (1999).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.CT Page 11693Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1998).
"To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those cited in the movant's affidavits and documents . . ." Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 579 (1990).
The plaintiff alleges that a municipal ordinance sets forth a duty to maintain the sidewalk at issue. That ordinance (Naugatuck Code Section16-9 (b) Removal of snow or ice from sidewalks) imposes liability onowners of real property adjacent to sidewalks or individuals who have actual control over the land abutting the sidewalk (emphasis added).In this case, as part of the instant motion, the defendants have offered an affidavit which refutes such allegations of ownership and/or control of the portions of the premises where the plaintiff allegedly fell.
The plaintiff has not provided the court with any affidavits or any other evidence to refute the defendants' claims.
As there are no genuine issues of material fact regarding the duty to maintain the subject sidewalk or the maintenance and control of said sidewalk, summary judgment is hereby entered for the defendants Naugatuck Physical Therapy, P.C. and Trumbull P.T. Corporation, P.C.
By the Court,
Joseph W. Doherty, Judge